No. 3223

Second   Circuit

JOHNSTON v. WITHROW

(June 28, 1928.  Opinion and Decree.)

(*Syllabus by the Court.*)

1.  Louisiana Digest—Appeal—Par. 625.
The finding of fact by the trial court will not be disturbed on appeal unless manifestly erroneous.

>   Salcedo Oil Co. vs. Otero, 6 La. App. 45.

Appeal from the City Court of the City of Alexandria. Hon. J. B. Nachman, Judge.

Action by W.  M.  Johnston against Juanita Withrow.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

K. Hundley, of Alexandria, attorney for plaintiff, appellee.

Lamar Polk, of Alexandria, attorney for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff, W. M. Johnston, sues defendant, Juanita Withrow, for the sum of $194.80 with legal interest thereon from judicial demand, damages alleged to have been done to an automobile owned by him in a collision between it and an automobile owned and operated by her, and which collision, it is alleged, was solely the result of negligence on the part of defendant in operating her automobile.

Defendant denied negligence and alleged that the collision was caused solely by plaintiff's negligent operation of his own automobile.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant as prayed for by him and the defendant appealed.

## OPINION

The question to be determined in this case is purely one of fact, namely: whose fault, that of plaintiff or that of defendant, was the proximate cause of the collision?

The plaintiff testified:

"Q.  You allege that on January 10th, of this year, while driving on Elliott street, you were run into by a car of Mrs. Withrow. Will you briefly tell the court which way you were going, the way Mrs. Withrow was going, and the circumstances regarding this collision?

"A.  I was driving down Elliott street toward Tenth street, in the direction of and approaching Seventh street, and approaching Seventh street I slowed up and looked both directions, and I saw Mrs. Withrow's car at something like one-half block from the corner at the time I slowed down, and I knew that I had plenty of time to cross, so I released my brake and started to cross and by the time I passed the intersection I saw her car was very close to me, and I made an effort to speed my car to get out of the way if I could, but I couldn't do it. I got the back end of the car three feet from the center of the street on the right hand side and I struck Mrs. Withrow's car and turned my car completely over, just missing a telephone pole.

"Q.  What kind of car were you driving?

"A.  Twenty-five model Dodge touring car.

"Q. What kind of car was Mrs. Withrow driving?

"A. She was driving a Ford coupe, which I took to be about a '25 model also.

"Q. How fast were you proceeding out Elliott street?

"A. Between twenty and twenty-five miles an hour.

"Q. You were proceeding at that speed before you slowed down or after?

"A. About twelve miles an hour when I approached Seventh street, and I slowed down slightly, don't know, not very much, and I saw the street was clear and released my brake and started across. I judge·I was driving around ten miles an hour, not any faster than that.

"Q. Could you estimate the rate of speed Mrs. Withrow was traveling?

"A. Well, I would judge she was driving close to twenty-five miles an hour; the time I noticed her car it was about five feet from my car when I noticed she was getting close to me. I would judge her to be making twenty-five miles an hour.

*    *    *    *

"Q. You say your car was hit, the rear portion of it, by Mrs. Withrow's car?

"A. The rear portion of it; that is, this end; that is, her left wheel hit my left running board.

"Q. When your car was turned over, your car I mean, what position in the street was it?

"A. The car was turned down on its side; I couldn't exactly say the position it was in. It ripped the top open, I believe it was the strain, so I could get out from under it.

"Q. Turned over on its right hand side?

"A. Yes, sir; on the right hand side, down on the top like.

"Q. Was there much traffic on Elliott street at that time?

"A. No, sir; I don't think there was a car across Seventh street at any time—well, when I came within two blocks of Seventh street, I don't remember a car crossing Seventh."

George A. Randolph testified:

"Q. Tell the court just what you saw, Mr. Randolph, with reference to this collision?

"A. Mr. Johnston was driving towards Tenth street on Elliott street and Mrs. Withrow was driving towards Monroe street on Seventh street, and she hit his car and turned it over.

"Q. Were you looking at these two cars at the time they came together?

"A. Yes, sir.

*    *    *    *

"Q. How fast would you say Mr. Johnston was driving?

"A. I would judge Mr. Johnston's speed about twelve miles an hour.

"Q. Did you notice whether he slowed up before he came into the intersection?

"A. No, sir; I never noticed him slowing up; looked to me he held the same speed.

"Q. How fast would you say Mrs. Withrow was driving?

"A. About twenty-five miles an hour.

"Q. Did she appear to slacken her speed as she approached the intersection?

"A. No, sir; it appeared to me her car went faster when she got to the intersection.

"Q. Did she turn her car in any direction other than the direction she was going, when she struck Mr. Johnston?

"A. No, sir; she was in the middle of the street. I couldn't tell that she turned the car in any direction.

"Q. Did you assist Mr. Johnston in getting out of the car?

"A. Yes, sir.

"Q. What did you do, Mr. Randolph?

"A. Helped lift the car off of him.

"Q. Were you the first person at the collision after it took place?

"A. Yes, sir.

*    *    *    *

"Q. What portion of Mr. Johnston's car was struck by what portion of Mrs. Withrow's car?

"A. Well, it was a little over half way towards the rear of the car, seemed to me like. I never paid much attention to the marks of any of the cars where they hit.

"Q. Now which car entered the intersection first?

"A. Mr. Johnston's.

"Q. How far in the intersection was his car when Mrs. Withrow's car entered the intersection?

"A. He was just a little over half way—well, his motor was over half way in the street.

"Q. When Mrs. Withrow entered the

intersection?

"A. When she entered. I would say his motor about half way of the street when Mrs. Withrow entered.

"Q. Then his car was beyond the manhole in the center of the street, or the motor of the car?

"A. The motor was, the entire car was not when he entered."

This testimony in connection with the fact that plaintiff was driving on the right hand side of the street in the direction in which his car was moving, and that the car was struck in its rear and completely turned over, convinces us that defendant was driving her car negligently and her negligent driving of it was the sole cause of the collision.

But defendant testified to a directly contrary state of facts, and she also testified that Mr. Randolph was not present at the time and place of the collision.

"Q. Did you swerve your car away to prevent striking him?

"A. No, sir, I didn't, because I couldn't turn into Elliott street because I was already to the manhole.

"Q. So you kept then to the same direction you had been going?

"A. Yes, sir. *

"Q. And Mr. Johnston just swerved to prevent striking you?

"A. Yes, sir.
          *     *     *

"Q. You didn't see Mr. Randolph at all?

"A. No, sir; Mr. Randolph was not on the scene of the accident.

"Q. Not there at all?

"A. No, sir; he was not then; what he testifies to then he just imagines, I suppose. I don't know why he should testify to such a statement, but Mr. Randolph was not on the corner when we had the accident. When I got out I saw the Auto Tire negro getting out and Mr. Boissot saw me and came out. Allen told the negro to help him get the top off, and Allen grabbed Mr. Johnston and helped him get out of the car, and he got out fighting mad. Mr. Boissot said: 'Calm down, Mr. Johnston, because there are ladies at the scene of the accident.'"

Nevertheless Mr. Randolph was on the scene of the accident, for Mr. Allen, one of defendant's witnesses, testifies that he was.

" * * * I jumped kind of out of the way and pushed it over and this man Mr. Johnston didn't know he was in the car. I heard him hollering to save my kids and I lifted the car and Mr. Randolph came up as I pulled the kids out, from across the street. He lives back, I expect fifty feet from the corner * * * "

Mr. Allen's testimony shows that Mr. Randolph was present, and Mr. Randolph's testimony corroborates that of the plaintiff.

The trial Judge who saw and heard the witnesses testify rendered judgment in favor of the plaintiff and after reading the record we are unable to say that he erred.

The judgment appealed from is affirmed.